(54 Misc. Rep. 73)

## REYNOLDS v. ALDERMAN.

(Supreme Court, Special Term, Chenango County. March, 1907.)

1. INDEMNITY—ADJUDICATION AGAINST INDEMNITEE—ACTION AGAINST INDEMNITOR—PLEADING.

A horse having been left with plaintiff as an innkeeper, and defendant having wrongfully taken it and caused its death, and the owner having recovered of plaintiff therefor on his liability as an innkeeper, defendant, who by his wrong caused plaintiff to be responsible in damages, having had notice of the action against plaintiff and opportunity to defend it, is liable for the recovery had against plaintiff, so that plaintiff's complaint properly contains the allegations of the bringing of the action and the recovery of judgment against him, and that defendant was notified of the action and requested to defend it, but failed to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indemnity, § 41.]

2. INFANTS—ACTION AGAINST—INFANCY AS DEFENSE—PLEADING.

The infancy of defendant, not appearing from the complaint, is not ground of objection thereto, but is matter of affirmative defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infancy, § 282.]

Action by Charles H. Reynolds against Alfred E. Alderman, an infant, for whom a guardian ad litem was appointed. Defendant moves to strike out certain allegations of the complaint. Motion denied.

Fuller & Truesdell, for plaintiff.
E. W. Cushman, for defendant.

COMAN, J. The plaintiff is an innkeeper. One Snow, a liveryman, let a team of horses to one McNulty, who drove the same to the

plaintiff's inn and delivered them to the plaintiff, who put them in his barn and undertook to care for them. It is claimed by the plaintiff that while the team was thus in the plaintiff's custody, and he was responsible for its safety, the defendant took it from the barn, under circumstances amounting to a wrongful conversion, and drove it away, and that, while the team was thus in the wrongful possession of the defendant, one of the horses constituting the team died. Thereupon Snow brought an action against the plaintiff and recovered a judgment against him for the value of the horse. The complaint alleges that the plaintiff notified this defendant of the pendency of the action brought by Snow and requested him to defend it, but that he failed and neglected to do so, but that this plaintiff did defend said action in good faith. This motion is made to strike out the allegations of the complaint respecting the bringing of the action by Snow and the recovery of the judgment against this plaintiff.

Upon this motion I must assume that all of the allegations of the complaint are true. The complaint shows that Snow brought his action against this plaintiff solely upon his liability as an innkeeper, which is practically that of an insurer. Upon this motion it is suggested by the counsel for the defendant that such was not the nature of the action, but that, on the contrary, the complaint in the former action charged this plaintiff with negligence in permitting the team to be taken away; and I have been furnished with a copy of the pleadings in the former action. I have felt constrained to disregard the pleadings in the former action, because they were not presented on the argument of the motion, and because, if the former action was not of the nature alleged in the complaint in this action, the defendant has his remedy by putting the allegations of the complaint in this action in issue. I therefore, for the purposes of this motion, assume that the action brought by Snow against this plaintiff was based purely upon the latter's liability as an innkeeper for the safe-keeping of the property intrusted to him by his guest.

It seems to be settled by abundance of authority that, where one person by his negligent or wrongful conduct causes another to become responsible in damages, he is liable to the defendant in the first action for all the damages which the former is compelled to pay by reason of his wrongful conduct, and I do not see how a better illustration of this principle could be presented than is afforded by the facts set out in the complaint. The plaintiff is an innkeeper. As such he is an insurer of the safety of the team committed to his care. Without fault or negligence on his part, but purely by the wrongful act of the defendant, he becomes liable to Snow and is compelled to pay him for the horse in question. It seems to be equally well settled that, upon such a state of facts as indicated, the judgment recovered in such an action is conclusive against the wrongdoer, provided he has notice of the action and an opportunity to defend. The complaint alleges that this defendant did have such notice and such opportunity to defend. Therefore it seems to me that the complaint states a good cause of action, and that the allegations which the defendant objects to are legitimate and essential to a full statement of his cause of action. If the action in favor of Snow was predicated upon the negligence of

this plaintiff, or if, in fact, the negligence of the plaintiff caused or contributed to the damages, that is doubtless a good defense to this action; but I fail to see how the court can try that question upon this motion.

Again, it is suggested that the defendant is an infant, and that therefore, even if he had notice of the former action, he had in reality no opportunity to defend it, and therefore the judgment cannot be conclusive upon him. But this motion is made, and must be made, upon the complaint alone, and there is no allegation in the complaint that the defendant is an infant. If essential to the decision of this motion, the court could take judicial notice of the infancy of the defendant, because it has appointed a guardian ad litem for him in this action. But the fact that the defendant was an infant, and therefore had no opportunity to defend the former action, is matter of affirmative defense and in no wise reflects upon the sufficiency of the complaint. It seems to me that, upon the trial of this action, every right of the infant defendant can be protected upon the pleadings as they stand. I do not intend to express any opinion which shall be binding upon the court as to the sufficiency of either of the defenses above referred to. They can be considered and passed upon at the trial.

Entertaining these views, I am constrained to deny the motion; but, under all the circumstances, the order should be granted without costs.